1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  SARA BURGESS, et al.,                    Case No.  1:23-cv-01641-JLT-BAM

12              Plaintiffs,                  **ORDER DENYING PLAINTIFFS' *EX***
                                             ***PARTE* APPLICATION FOR EXPEDITED**
13      v.                                   **DISCOVERY WITHOUT PREJUDICE**

14  ALTERNATIVE SIERRA                       (Doc. 5)
    INVESTMENTS, LLC, et al.,
15
16              Defendants.

17          Currently before the Court is Plaintiffs Sara Burgess, Angela Alvarez, Michael Arndt,

18  Teresa Alford, Jessica Carter, Steven Piech, Jen Redford, Cheri Maddox, Elizabeth Tarter, and

19  Stacey Taylor's (collectively "Plaintiffs") *Ex Parte* Application for Expedited Discovery.  (Doc.

20  5.)  Defendants have not yet answered or filed a responsive pleading, and no opposition has been

21  filed.  For the reasons outlined below, Plaintiffs' request for leave to conduct expedited discovery

22  will be DENIED without prejudice.

23      **I.      Background**

24          This case concerns alleged exposure to toxic contamination at Plaintiffs' former places of

25  employment caused by former dry-cleaning operations.  Plaintiffs seek the Court's permission to

26  serve non-party document subpoenas "to facilitate the discovery of insurance policies issued to

27  prior owners or operators at the subject property, to determine the applicability of such policies to

28  the current litigation, and to facilitate discovery of additional potentially responsible parties."

                                             1

(Doc. 5 at p. 2.)  Plaintiffs explain that the proposed discovery would allow them to identify and serve proper individuals or entities, and potential third-party defendants and interested parties, which may have an impact on the claims and outcome in this case.  Plaintiffs additionally explain that they need to perform discovery in order "to effectuate service of summons, pursuant to California Probate Code § 552, on insurers of the three deceased defendants (Estate of Kenneth B. Kessel, Deceased; Estate of Julie Ogg, Deceased; and Estate of Sally Hoenes, Deceased), who were named as defendants pursuant to Probate Code §§ 550-555."  (*Id.*)

## II.    Legal Standard

Generally, the Federal Rules of Civil Procedure do not permit formal discovery before the required Rule 26(f) scheduling conference occurs. *See* Fed. R. Civ. P. 26(d)(1).  However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Courts routinely allow early discovery where it will "substantially contribute to moving th[e] case forward" and is "narrowly tailored" for that purpose. *Semitool,* 208 F.R.D. at 277.  Among other factors, courts consider: (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendant of compliance with the requested discovery, and (5) how far in advance of the typical discovery process the request was made. *Am. LegalNet*, 673 F. Supp. 2d at 1067; *Logistics Guys Inc. v. Cuevas*, No. 2:23-cv-01592-DAD-KJN, 2023 WL 6276454, at *1 (E.D. Cal. Sept. 26, 2023) (identifying relevant factors for determining reasonableness of request to conduct expedited discovery before Rule 26(f) conference).

## III.    Discussion

Here, Plaintiffs want to serve non-party subpoenas for the asserted purpose of identifying and subpoenaing the necessary insurers and additional potentially responsible parties in this case. (Doc. 5. at p. 2.)  Plaintiffs argue that the relevant good-cause factors weigh in favor of granting

1   the motion.  The Court disagrees.

2         Considering the relevant factors, Plaintiffs do not demonstrate good cause for expedited

3   discovery.  First, as Plaintiffs acknowledge, there is no motion for preliminary injunction

4   pending.  (*Id.* at p. 4.)  This factor therefore does not weigh in favor in granting the request as the

5   absence of such a motion "lessens the urgency for early discovery."  *MSK Covertech, Inc. v.*

6   *Fevisa Indus., S.A. de C.V.*, No. 23cv741-DMS (MSB), 2023 WL 4686441, at *3 (S.D. Cal. July

7   21, 2023) (concluding "fact that there is no pending motion for preliminary injunction lessens the

8   urgency for early discovery").

9         Second, Plaintiffs assert that the expedited discovery is narrowly tailored and that it would

10  not touch on the causes of action in the complaint or require depositions or other onerous

11  discovery at this time.  (*Id.* at p. 5.)  However, the assertions that the discovery is narrowly

12  tailored and will not touch on causes of action in the complaint are conclusory and lack

13  evidentiary support.  The declaration of Plaintiffs' counsel submitted in support of the request

14  indicates only that counsel intends "to issue non-party document subpoenas to insurers, or related

15  entities or persons, for which it is believed there is potential coverage related to this action, or

16  which will adduce evidence of additional potentially responsible parties related to the

17  contamination at issue in this matter." (Doc. 5, Tracy Decl. at ¶ 3.)  Plaintiffs do not identify the

18  insurers or related entities or persons they intend to subpoena.  Plaintiffs also do not provide the

19  substance of the proposed subpoenas (or even the proposed subpoenas), nor do they identify the

20  specific anticipated discovery requests to demonstrate that the expedited discovery is narrowly

21  tailored.  *See Am. LegalNet*, 673 F. Supp. 2d at 1069 (denying expedited discovery in part where

22  discovery sought not narrowly tailored).  Absent this information, and without a copy of the

23  proposed discovery requests, the Court cannot determine the breadth and scope of the discovery

24  at issue, nor determine that it is narrowly tailored to identifying insurers and additional potentially

25  responsible parties.  This factor weighs strongly against permitting the expedited discovery.

26        Third, Plaintiffs identify the purpose of the subpoenas, indicating that they seek to locate

27  possible insurance policies issued to prior owners or operators at the subject property, determine

28  the applicability of such policies to the current litigation, and subpoena the relevant insurers under

the appropriate policy.  (*Id.* at p. 4.)  This factor is essentially neutral as it does not necessarily implicate early discovery.

Fourth, Plaintiffs assert that the requested expedited discovery will not unduly burden or prejudice any defendants because they are not subject to this discovery motion, they likely would have to respond to these same type of discovery requests at a later date, and the discovery "does not impact the claims against them, but instead will attempt to identify and subpoena some of the defendants' insurers as potentially interested parties for the estates and identify other potentially responsible parties."  (*Id.* at p. 6.)  The Court recognizes that Plaintiffs seek discovery directed at non-parties.  However, it is not apparent to the Court that the anticipated discovery lacks an impact on the claims against defendants.  As indicated, the Court does not have information regarding the substance of the anticipated subpoenas and cannot conclude that they do not attempt to reach the merits of the claims.  This factor therefore weighs against expedited discovery.

Fifth, Plaintiffs filed the instant request only a few weeks after initiating this action and more than two months before the Initial Scheduling Conference set for February 27, 2024. Plaintiffs explain that given the 90-day time limit for service of the complaint under Rule 4(m) and the deadline for completion of the Rule 26(f) conference, the initial case management deadlines leave insufficient time for Plaintiffs to identify proper individuals or entities to receive service of summons in this matter.  The Court acknowledges the current dates and deadlines in this action, but does not find that they weigh in favor of permitting expedited discovery.  The named defendants have not yet filed answers or responsive pleadings and have been unable to respond to the request.  Further, there is no indication that Plaintiffs would be unable to seek an extension of the time for service of the complaint under Rule 4(m) based on good cause.

Taken together, the Court finds that the relevant factors weigh against granting the request for expedited discovery and that Plaintiffs fail to demonstrate the requisite good cause at this time.  Plaintiffs will not be foreclosed from renewing their request for expedited discovery supported by good cause.

///

///

4

1

### IV.    Conclusion and Order

2        For the reasons stated, Plaintiffs' *ex parte* application for expedited discovery (Doc. 5) is

3  DENIED without prejudice.

4

IT IS SO ORDERED.

5

6    Dated:   **January 12, 2024**                    /s/ *Barbara A. McAuliffe*

7                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28