John R. Till    SBN 178763  JTill@PaladinLaw.com
Kirk M. Tracy  SBN 288508  KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
1176 Boulevard Way
Walnut Creek, CA  94595
(925) 947-5700

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA BURGESS, an individual, *et al.*,<br><br>        *Plaintiffs*,<br><br>        *v.*<br><br>ALTERNATIVE SIERRA INVESTMENTS, LLC, a California limited liability company, *et al.*,<br><br>        *Defendants.* | Case No. 1:23-cv-01641-JLT-BAM<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER FOR DISMISSAL OF PLAINTIFFS' CLAIMS AGAINST ALL DEFENDANTS PURSUANT TO RULE 41(a)(1)(A)(ii)**<br><br>Action filed: November 24, 2023<br>Trial Date for Crossclaims: April 27, 2027 |
| AND RELATED CROSSCLAIMS. | |

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs Sara Burgess, Angela Alvarez, Micheal Arndt, Teresa Alford, Jessica Carter, Steven Piech, Jen Redford, Cheri Maddox, Elizabeth Tarter, and Stacey Taylor (collectively, "Plaintiffs"); Defendant, Cross-Claimant and Cross-Defendant Alternative Sierra Investments, LLC ("ASI"); and Defendants, Cross-Claimants and Cross-Defendants Frederick Wentworth and Judy A. Wentworth (collectively, the "Wentworths"), by and through their respective attorneys of record, hereby submit this joint stipulation of dismissal of Plaintiffs' claims ("Stipulation") and stipulate as follows:

WHEREAS, on or about November 24, 2023, Plaintiffs initiated the above-entitled action ("Action") and filed a complaint ("Complaint") (ECF No. 1) against ASI, the Wentworths; Ronald

1  L. Polhemus; Clyta L. Polhemus; Estate of Kenneth B. Kessel, Deceased; Mary E. Kessel; Estate

2  of Julie Ogg, Deceased; Arlene Laeng; James E. Laeng; Estate of Sally Hoenes, Deceased; and

3  DOES 1 through 10, inclusive (collectively, "Defendants");

4      WHEREAS, on or about January 24, 2024, ASI filed in the Action a crossclaim ("ASI's

5  Cross-Claim") (ECF No. 25) against the Wentworths; Ronald L. Polhemus; Clyta L. Polhemus;

6  Estate of Kenneth B. Kessel, Deceased; Mary E. Kessel; Estate of Julie Ogg, Deceased; Arlene

7  Laeng; James E. Laeng; Estate of Sally Hoenes, Deceased; and ROES 1 through 10, inclusive;

8      WHEREAS, on or about January 26, 2024, the Wentworths jointly filed in the Action a

9  crossclaim ("Wentworths' Crossclaim") (ECF No. 29) against ASI, Ronald L. Polhemus; Clyta L.

10  Polhemus; Estate of Kenneth B. Kessel, Deceased; Mary E. Kessel; Estate of Julie Ogg, Deceased;

11  Arlene Laeng; James E. Laeng; Estate of Sally Hoenes, Deceased; and ROES 1 through 20,

12  inclusive;

13      WHEREAS ASI and the Wentworths are the only Defendants who have appeared in the

14  Action;

15      WHEREAS, on or about April 10, 2024, Plaintiffs filed a notice of voluntary dismissal

16  (ECF No. 47), dismissing without prejudice Plaintiffs' Complaint as to Defendants Ronald L.

17  Polhemus; Clyta L. Polhemus; Estate of Kenneth B. Kessel, Deceased; and Mary E. Kessel only

18  (collectively, the "Voluntarily Dismissed Defendants");

19      WHEREAS, on or about February 21, 2025, counsel for Plaintiffs, ASI and the Wentworths

20  ("Settling Parties") attended a settlement conference ("Settlement Conference") before Magistrate

21  Judge Boone, during which the Settling Parties entered into a settlement of Plaintiffs' claims only;

22      THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the

23  Settling Parties (and subject to the Court's approval) as follows:

24      1.  Plaintiffs' Complaint (and each and every claim therein) is dismissed with prejudice

25          as against Defendants ASI; the Wentworths; Estate of Julie Ogg, Deceased; Arlene

26          Laeng; James E. Laeng; Estate of Sally Hoenes, Deceased; and DOES 1 through 10;

27      2.  The Settling Parties request the Court to retain jurisdiction to enforce and/or

28          interpret the terms and conditions of the Settlement Agreement following the

foregoing dismissal of the Complaint;

3.  ASI's Cross-Claim (and each cross-claim therein) shall survive the foregoing dismissal of the Complaint;

4.  The Wentworths' Crossclaim (and each cross-claim therein) shall survive the foregoing dismissal of the Complaint;

5.  The Settling Parties shall each bear their own fees and costs related to the Action, including—but not limited to—attorneys' fees and costs; and

6.  This Stipulation shall not be effective until the Court has signed the accompanying order.

IT IS SO STIPULATED.

Dated:  May __, 2025                    PALADIN LAW GROUP ® LLP

                                        By:  _/s/_ _John R. Till_____
                                            JOHN R. TILL
                                            KIRK M. TRACY

                                        Attorneys for Plaintiffs
                                        SARA BURGESS, ANGELA ALVAREZ,
                                        MICHEAL ARNDT, TERESA ALFORD,
                                        JESSICA CARTER, STEVEN PIECH, JEN
                                        REDFORD, CHERI MADDOX, ELIZABETH
                                        TARTER, and STACEY TAYLOR

Dated:  May __, 2025                    MURPHY AUSTIN ADAMS SCHOENFELD LLP

                                        By:  _/s/_____ (as authorized on xxxxxxx xx, 2025)_
                                            MICHAEL R. O'NEIL
                                            LISA D. NICOLLS
                                            PETER A. AUSTIN
                                            KEVIN N. ROYER

                                        Attorneys for Defendant and Cross-Claimant
                                        ALTERNATIVE SIERRA INVESTMENTS, LLC

Dated:  May __, 2025                    ABBOT & KINDERMANN, INC.

                                        By: /s/_____ (as authorized on xxxxx xx, 2025)
                                            GLEN C. HANSEN
                                            DIANE G. KINDERMANN HENDERSON

                                        Attorneys for Defendants and Cross-Claimants
                                        FREDERICK WENTWORTH and
                                        JUDY A. WENTWORTH

STIPULATION AND [~~PROPOSED~~] ORDER FOR DISMISSAL OF PLAINTIFFS' CLAIMS

# [~~PROPOSED~~] ORDER

The Court has considered the parties' STIPULATED DISMISSAL OF PLAINTIFFS' CLAIMS AGAINST ALL DEFENDANTS PURSUANT TO RULE 41(a)(1)(A)(ii) (the "Stipulation"), set forth above.

IT IS HEREBY ORDERED that the Court approves the Stipulation; incorporates by reference into this Order all definitions, terms, and conditions expressly set forth and/or incorporated by reference in the Stipulation; and orders as follows:

1. Plaintiffs' Complaint (and each and every claim therein) is dismissed with prejudice as against Defendants ASI; the Wentworths; Estate of Julie Ogg, Deceased; Arlene Laeng; James E. Laeng; Estate of Sally Hoenes, Deceased; and DOES 1 through 10;

2. The Court shall retain jurisdiction to enforce and/or interpret the terms and conditions of the Settlement Agreement following the foregoing dismissal of the Complaint;

3. ASI's Cross-Claim (and each cross-claim therein) shall survive the foregoing dismissal of the Complaint;

4. The Wentworths' Crossclaim (and each cross-claim therein) shall survive the foregoing dismissal of the Complaint; and

5. The Settling Parties shall each bear their own fees and costs related to the Action, including—but not limited to—attorneys' fees and costs.

IT IS SO ORDERED.

Dated:  __July 3, 2025__

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE