1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SARA BURGESS, *et al.*,                    No.  1:23-cv-01641-JLT-BAM

12                  Plaintiffs,                 **ORDER DIRECTING ALTERNATIVE SIERRA INVESTMENTS, LLC TO SUBMIT SUPPLEMENTAL BRIEFING RE MOTION FOR SUBSTITUTION OF PARTIES IN AMENDED CROSSCLAIM**

13          v.

14   ALTERNATIVE SIERRA
     INVESTMENTS, LLC, et al.,
15                                              (Doc. 92)
                 Defendants.
16

17   _____           TWENTY-ONE (21) DAY DEADLINE

18   AND RELATED CROSSCLAIMS

19          On January 24, 2024, Alternative Sierra Investments, LLC ("ASI") filed a crossclaim in

20   this action against cross-defendants Frederick Wentworth, Judy Wentworth, Ronald L. Polhemus,

21   Clyta L. Polhemus, Mary E. Kessel, Estate of Kenneth B. Kessel, Arlene Laeng, James E. Laeng,

22   Estate of Julie Ogg, and Estate of Sally Hoenes.  (Doc. 25.)  Cross-Defendants Frederick and

23   Judy Wentworth answered the crossclaim on February 23, 2024.  (Doc. 41.)

24          On August 5, 2025, ASI filed a motion to substitute the proper parties for deceased cross-

25   defendants James E. Laeng, Mary E. Kessel, and Estate of Sally Hoenes.  (Doc. 95.)  Concurrent

26   with the motion, ASI filed a suggestion of death upon the record as to James E. Laeng and a

27   suggestion of death upon the record as to Mary E. Kessel.  (Docs. 96, 97.)  The motion for

28   substitution was referred to the undersigned for the preparation of findings and recommendations.

                                                    1

1   (Doc. 99.)  The Court found the motion suitable for decision without oral argument pursuant to

2   Local Rule 230(g).  (Doc. 101.)  No opposition has been filed, and the time in which to do so has

3   expired.  Following a preliminary review of the motion, the Court finds that supplemental

4   briefing is warranted.

5       In its motion, ASI explains that after the Court granted its substitution of counsel in July

6   2025, its newly retained counsel initiated a preliminary investigation, including a review of the

7   pleadings.  (Doc. 95-1.)  During this review, counsel discovered that cross-defendants James E.

8   Laeng and Mary E. Kessel are deceased.  (Doc. 95-1, Declaration of Michael N. Mills ("Mills

9   Decl.") ¶ 4.)  Ms. Kessel passed away on April 16, 2024, and Mr. Laeng on January 28, 2021.

10  (*Id.*)  Counsel also learned that an executor, Greg L. Hoenes, was appointed to the Estate of Sally

11  Hoenes on September 16, 2024.  (*Id.* ¶ 5.)  Accordingly, ASI brings this motion under Federal

12  Rule of Civil Procedure 25 to substitute the proper parties in place of the deceased cross-

13  defendants.  (Doc. 95-1 at 2.)

14      Federal Rule of Civil Procedure 25 provides:

15      If a party dies and the claim is not extinguished, the court may order substitution of the
        proper party.  A motion for substitution may be made by any party or by the decedent's
16      successor or representative.

17  Fed. R. Civ. P. 25(a)(1).  A motion to substitute under Rule 25 must be served "on the parties as

18  provided in Rule 5 and on nonparties as provided in Rule 4."  Fed. R. Civ. P. 25(a)(3).  A

19  statement noting the death must be served in the same manner.  *Id.*  With respect to nonparties,

20  Rule 4 requires service on an individual within a judicial district of the United States by (1)

21  "following state law for serving a summons in an action brought in courts of general jurisdiction

22  in the state where the district court is located or where service is made; or (2) doing any of the

23  following:  (A) delivering a copy . . . to the individual personally; (2) leaving a copy . . . at the

24  individual's dwelling or usual place of abode with someone of suitable age and discretion who

25  resides there; or (3) delivering a copy . . . to an agent authorized by appointment or by law to

26  receive service of process."  Fed. R. Civ. P. 4(e).

27      Here, it is not evident that ASI served its motion to substitute on the Estate of James E.

28  Laeng, the Estate of Mary E. Kessel, or the representative of the Estate of Sally Hoenes, Greg L.

2

1  Hoenes, in compliance with Rule 4 and Rule 25(a)(3).  The record reflects service of the motion

2  by mail addressed to Mr. Laeng and to Ms. Kessel, but not service on a representative of their

3  estates.  (*See* Doc. 95-1 at 7-8.)  The record also reflects service by mail on the Estate of Sally

4  Hoenes, but not its executor, Greg L. Hoenes.  (*Id.*)  The notices of suggestion of death appear to

5  have been served in the same manner.  (Doc. 96 at 3-4; Doc. 97 at 3-4.)  Because it is not evident

6  from the proofs of service that ASI has complied with the Federal Rules of Civil Procedure and

7  state law regarding proper service, ASI is directed to provide supplemental briefing

8  demonstrating whether service of the motion to substitute and the notices of suggestion of death

9  were properly served pursuant to Rule 25(a)(3).

10      Additionally, even if properly served, it is not evident that substitution under Rule 25 is

11  proper for cross-defendant James E. Laeng.  Rule 25(a) authorizes the substitution of proper

12  parties when an existing party dies after the suit is commenced. *Jacques v. Tillery*, No. 2:23-cv-

13  0079 TLN KJN P, 2023 WL 5207668, at *2 (E.D. Cal. Aug. 14, 2023); *Lacy v. Tyson*, No. 1:07-

14  cv-00381-LJO-GSA-PC, 2012 WL 4343837, at *2 (E.D. Cal. Sept. 20, 2012).  Based on the

15  information provided, Mr. Laeng died *prior* to commencement of this action, and well before the

16  filing of ASI's crossclaim in January 2024.  (*See* Mills Decl. ¶ 4.)  District courts in California,

17  including in this district, have determined that Rule 25 substitutions are unavailable when the

18  defendant for whom substitution is sought died before the commencement of the action.  *See*, *e g.,*

19  *Jacques* 2023 WL 5207668, at *2-3 (citing cases and finding that because defendant died before

20  action was commenced, Rule 25(a) did not apply and defendant should be dismissed from action);

21  *Lacy*, 2012 WL 4343837, at *2 ("[T]he substitution of parties cannot be ordered in conformance

22  with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a

23  party.").  Accordingly, ASI is directed to file supplemental briefing addressing whether

24  substitution under Rule 25(a) is proper as to cross-defendant James E. Laeng, and whether cross-

25  defendant James E. Laeng should be dismissed from this action.

26      Accordingly, within **twenty-one (21) days** from the date of this order, ASI shall file

27  supplemental briefing addressing (1) whether service of the motion to substitute and service of

28  the notices of suggestion of death complied with Rule 25(a)(3) and Rule 4 of the Federal Rules of

1   Civil Procedure; and (2) whether substitution under Rule 25(a) or dismissal is proper as to cross-

2   defendant James E. Laeng.

3

4   IT IS SO ORDERED.

5       Dated:    **November 13, 2025**                    /s/ *Barbara A. McAuliffe*          _

6                                                    UNITED STATES MAGISTRATE JUDGE