1
2
3
4
5
6
UNITED STATES DISTRICT COURT

7
FOR THE EASTERN DISTRICT OF CALIFORNIA

8
9

SARA BURGESS, *et al.*,

No. 1:23-cv-01641-JLT-BAM

10

Plaintiffs,

**FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR LEAVE FOR ALTERNATIVE SIERRA INVESTMENTS, LLC TO FILE THIRD-PARTY COMPLAINT AGAINST THIRD PARTY**

11

v.

12

ALTERNATIVE SIERRA INVESTMENTS, LLC, et al.,

13

Defendants.

(Doc. 98)

14
15
16

AND RELATED CROSSCLAIMS

17

**I.      Introduction**

18

Currently before the Court is Alternative Sierra Investments, LLC's ("ASI") motion for

19

leave to file third-party complaint, filed August 5, 2025. (Doc. 98.) The motion was referred to

20

the undersigned for the preparation of findings and recommendations. (Doc. 99.) The Court

21

found the motion suitable for decision without oral argument pursuant to Local Rule 230(g), and

22

the motion has been submitted. (Doc. 101.) No opposition has been filed, and the time in which

23

to do so has expired.

24

Having considered the motion, and for the reasons discussed below, the Court will

25

recommend that ASI's unopposed motion be granted.

26

**II.     ASI's Motion for Leave to File Third-Party Complaint**

27

**A.  Background**

28

On November 24, 2023, Plaintiffs filed this action under the Comprehensive

1   Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 to 9675

2   ("CERCLA") against ASI, Frederick and Judy A. Wentworth, Ronald L. Polhemus, Clyta L.

3   Polhemus, Estate of Kenneth B. Kessel, Mary E. Kessel, Estate of Julie Ogg, Deceased, an

4   individual and dba Heritage Dry Cleaners, Arlene Laeng, an individual and dba Heritage Dry

5   Cleaners, James E. Laeng, an individual and dba Heritage Dry Cleaners,  Estate of Sally Hoenes,

6   Deceased, an individual and dba Heritage Dry Cleaners, and Does 1 through 10, alleging

7   environmental and personal harm arising from defendants' acts or omissions related to property

8   located at 13855-13939 Mono Way in the City of Sonora, California.  (Doc. 1.)  Plaintiffs, who

9   have settled their claims, alleged that Heritage Dry Cleaners was the source of the alleged

10  contamination of tetrachloroethylene and its breakdown chemical trichloroethylene on and under

11  the property that remains present in the groundwater below the property and is migrating to or

12  from the property.  Plaintiffs further alleged that Heritage Dry Cleaners operated under various

13  owners and operators at the property from approximately the early 1970s to 2015.  (*Id.*)  Plaintiffs

14  sued ASI, the current property owner, as well as prior owners and operators of Heritage Dry

15  Cleaners.  (*Id.*)

16          On January 24, 2024, ASI answered the complaint.  (Doc. 22.)  ASI also filed a crossclaim

17  against the Wentworths, Ronald L. Pohlemus, Clyta L. Polhemus, Mary E. Kessel, Estate of

18  Kenneth B. Kessel, Arlene Laeng, James E. Laeng, Estate of Julie Ogg, and Estate of Sally

19  Hoenes.  (Doc. 25.)  Frederick and Judy Wentworth answered the complaint on January 26, 2024,

20  and also filed a crossclaim against defendants.  (Docs. 28, 29.)  The Wentworths answered ASI's

21  crossclaim on February 23, 2024.  (Doc. 41.)  Subsequently, Plaintiffs and certain defendants,

22  including ASI and the Wentworths, reached a settlement as to Plaintiffs' claims.  (Docs. 73, 90.)

23  The only remaining claims at issue in this action are the respective crossclaims of ASI and the

24  Wentworths.

25          On May 14, 2025, the Court issued a Scheduling Conference Order, which set the

26  deadline for amendment of the crossclaims as July 18, 2025, the deadline for completion of non-

27  expert discovery as June 1, 2026, and a trial date of April 27, 2027.  (Doc. 87.)

28          In July 2025, the Court granted ASI's substitution of new counsel in this case.  (Doc. 91.)

On July 18, 2025, ASI filed an amended crossclaim in this case, which sought to add Greg L. Hoenes (as Special Administrator for the Estate of Sally Hoenes, Deceased); Greg L. Hoenes (as Trustee of the Hoenes 1992 Revocable Trust); Estate of Russell L. Hoenes, M.D., Deceased; and Estate of Jame E. Laeng, Deceased as new cross-defendants.  (Doc. 92, ¶ 3.)  The Court struck the amended crossclaim and directed ASI to file a stipulation to amend its pleading or a noticed motion.  (Doc. 94.)

ASI now moves this Court, pursuant to Federal Rule of Civil Procedure 14, for leave to file a third-party complaint against the estate of Russell L. Hoenes, M.D., Deceased, and Greg L. Hoenes, as Trustee of The Hoenes 1992 Revocable Trust.[1]  (Doc. 98.)  ASI asserts that Russell L. Hoenes was an operator of Heritage Dry Cleaners during the time at which the chemicals were allegedly disposed of at the property.  Because Russell L. Hoenes is now deceased, ASI also seeks to add Greg L. Hoenes, as Trustee of The Hoenes 1992 Revocable Trust, of which Russell L. Hoenes was a settlor, to this action.

### B.  Legal Standard

Federal Rule of Civil Procedure 14(a) provides that a "defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  Fed. R. Civ. P. (a)(1).  However, a "third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.  *Id.*  "Because it 'is designed to reduce multiplicity of litigation, [Rule 14] is construed liberally in favor of allowing impleader.'"  *Mason v. Spring EQ LLC*, No. 5:24-cv-01833 MWC (AGRx), 2025 WL 1720430, at *6 (C.D. Cal. May 9, 2025) (quoting *Munoz v. Event Medic NY Inc.*, No. 2:22-cv-02294-SPG-MAA, 2023 WL 3402590, at *3 (C.D. Cal. Feb. 23, 2023)).  However, the Court retains discretion in determining the propriety of a third-party claim under Rule 14.  *See Sw. Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  "In deciding whether to permit [a] defendant to file a third-party complaint, the court considers (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) the

---

[1] ASI filed a motion for substitution of parties in an amended crossclaim on August 5, 2025.  (Doc. 95.)  That motion remains pending.

1  likelihood of trial delay; and (4) the timeliness of the motion." *Pulte Home Co., LLC v. HDI*

2  *Glob. Specialty SE*, No. CV 24-2191-JFW(PDx), 2024 WL 4834281, at *1 (C.D. Cal. Aug. 9,

3  2024) (citing *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000)).

4             **C. Discussion**

5        Rule 14(a) contemplates the filing of a third-party complaint by a defendant within 14

6  days after serving its answer. ASI's motion to file a third-party complaint, following an initial

7  investigation of the case by its newly substituted counsel, was filed on August 5, 2025, more than

8  a year and a half after ASI filed its original answer on January 24, 2025. ASI has been aware—at

9  least since filing its answer and crossclaim—that it would seek a determination regarding the

10  proper allocation of liability of prior owners and operators of Heritage Dry Cleaners and the

11  property, along with recovery of cleanup and remediation costs for the claims against it. Because

12  ASI delayed more than a year and a half in filing its motion, the Court finds that it is untimely.

13  *See*, *e.g.*, *Helferich Pat. Licensing, LLC v. Legacy Partners, LLC,* 917 F. Supp. 2d 985, 989 (D.

14  Ariz. 2013) (finding motion to add third-party defendants made nearly ten months after filing

15  original answer untimely); *Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, 2011

16  WL 1465883, at *8 (N.D. Cal. Apr. 18, 2011) (expressing that lateness of motion to add third-

17  party defendants seven months after answer not well received).

18        Despite the untimeliness of ASI's motion, the Court finds that the remaining factors weigh

19  in favor of granting the motion. Plaintiffs will not be prejudiced because they have settled their

20  claims, leaving only the crossclaims to determine the portion of liability as to the alleged

21  contamination of the property by the prior owners and operators of Heritage Dry Cleaners and the

22  property. Allowing the third-party complaint is not likely to complicate the issues at trial given

23  the assertion that the proposed third-party defendants, along with the cross-defendants, are

24  potentially responsible for the contamination and/or liable for cleanup and remediation costs. As

25  ASI explains, the issues left in this case solely revolve around the remaining parties' liability as to

26  the contamination of the property. ASI asserts that the addition of the proposed third-party

27  defendants will not complicate the determination of this issue, claiming that the third-party

28  defendants' "portion of liability is necessary to fully resolve the remining issues as to the parties'

liability." (Doc. 98-1 at 7.)  It also is not likely to delay trial as the non-expert discovery cutoff is not until June 1, 2026, and trial is not set until April 27, 2027.  ASI also notes that the parties "have yet to engage in any discovery other than the parties' initial disclosures." (Doc. 98-1 at 7.) If ASI is not permitted to implead the third-party defendants into this action, then ASI may be forced to pursue duplicative proceedings, which would frustrate the purpose of Rule 14(a). Additionally, this case has been pending for more than two years, and the Court favors a comprehensive resolution between the potentially responsible parties.

### III.    Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that ASI's motion for leave to file a third-party complaint (Doc. 98) be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**November 18, 2025**__          ___/s/ Barbara A. McAuliffe___

UNITED STATES MAGISTRATE JUDGE