UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA BURGESS, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>ALTERNATIVE SIERRA INVESTMENTS, LLC, et al.,<br><br>　　　　　　　Defendants.<br><br>AND RELATED CROSSCLAIMS | No. 1:23-cv-01641-JLT-BAM<br><br>**ORDER DENYING ALTERNATIVE SIERRA INVESTMENTS, LLC'S MOTION FOR SUBSTITUTION OF PARTIES IN AMENDED CROSSCLAIM WITHOUT PREJUDICE**<br><br>(Doc. 92)<br><br>**ORDER DIRECTING ALTERNATIVE SIERRA INVESTMENTS, LLC TO FILE NOTICE OF VOLUNTARY DISMISSAL, AMENDED NOTICE OF MOTION AND MOTION FOR SUBSTITUTION, AND PROOF OF SERVICE WITHIN THIRTY (30) DAYS** |

On January 24, 2024, Alternative Sierra Investments, LLC ("ASI") filed a crossclaim in this action against cross-defendants Frederick Wentworth, Judy Wentworth, Ronald L. Polhemus, Clyta L. Polhemus, Mary E. Kessel, Estate of Kenneth B. Kessel, Arlene Laeng, James E. Laeng, Estate of Julie Ogg, and Estate of Sally Hoenes. (Doc. 25.) Cross-Defendants Frederick and Judy Wentworth answered the crossclaim on February 23, 2024. (Doc. 41.)

On August 5, 2025, ASI filed a motion under Federal Rule of Civil Procedure 25 to substitute the proper parties in place of the deceased cross-defendants James E. Laeng, Mary E.

1

1    Kessel, and Estate of Sally Hoenes.  (Doc. 95-1 at 2.)   (Doc. 95.)  Concurrent with the motion,
2    ASI filed a suggestion of death upon the record as to James E. Laeng and a suggestion of death
3    upon the record as to Mary E. Kessel.  (Docs. 96, 97.)  The motion for substitution was referred to
4    the undersigned for the preparation of findings and recommendations.  (Doc. 99.)  The Court
5    found the motion suitable for decision without oral argument pursuant to Local Rule 230(g).
6    (Doc. 101.)  No opposition was filed.

7    Following a preliminary review of the motion, the Court found that supplemental briefing
8    was warranted because it was not evident that ASI served its motion to substitute on the Estate of
9    James E. Laeng, the Estate of Mary E. Kessel, or the representative of the Estate of Sally Hoenes,
10   Greg L. Hoenes, in compliance with Rule 4 and Rule 25(a)(3), or that substitution under Rule 25
11   was proper for cross-defendant James E. Laeng, who died prior to commencement of this action.
12   Accordingly, on November 13, 2025, the Court directed ASI to file supplemental briefing
13   addressing (1) whether service of the motion to substitute and service of the notices of suggestion
14   of death complied with Rule 25(a)(3) and Rule 4 of the Federal Rules of Civil Procedure; and (2)
15   whether substitution under Rule 25(a) or dismissal was proper as to cross-defendant James E.
16   Laeng.  (Doc. 102.)

17   On December 4, 2025, ASI filed its supplemental brief in support of its motion for
18   substitution of parties.  (Doc. 104.)  In its briefing, ASI submits that dismissal is proper as to
19   cross-defendant James E. Laeng because he passed away prior to the commencement of this
20   action. (Doc. 104 at 4.)  ASI also submits that dismissal is proper as to cross-defendant Mary E.
21   Kessel because ASI has decided not to pursue a claim against the Estate of Mary E. Kessel.  (*Id.*)

22   ASI also reports that it did not serve the Estate of James E. Laeng, the Estate of Mary
23   Kessel, or Greg L. Hoenes, the representative of the Estate of Sally Hoenes, in compliance with
24   Rule 4.  Because ASI submits that it is proper to dismiss James E. Laeng and Mary E. Kessel
25   from its crossclaim, ASI requests leave of Court to serve its motion for substitution and statement
26   of death *only* on Greg L. Hoenes, the representative of the Estate of Sally Hoenes.  (Doc. 104 at 3,
27   4.)  ASI asserts that nonparties will not be prejudiced as ASI filed a claim in the probate
28   proceeding for the Estate of Sally Hoenes on October 1, 2024, thereby putting the Estate of Sally

1   Hoenes and Greg L. Hoenes, its representative, on notice of ASI's claims.  (Doc. 105-1, Ex. 1 to
2   Request for Judicial Notice.)[1]  ASI also reports that it served the last known address on file for the
3   Estate of Sally Hoenes, which, based on public record, is Greg L. Hoenes' mailing address.  (Doc.
4   105-2, Ex. 2 to Request for Judicial Notice.)  ASI indicates that if leave is granted, it "will reserve
5   a new hearing date and serve its Motion for Substitution and Statements of Death diligently and
6   without delay to ensure efficiency for the parties and Court in resolving this matter."  (*Id.* at 4.)
7   Based on ASI's supplemental briefing, it is HEREBY ORDERED as follows:
8   1. ASI's motion for substitution of parties in amended crossclaim (Doc. 95) is DENIED
9   without prejudice.
10  2. Within **thirty (30) days** from the date of this order, ASI shall file:
11     a. A notice of voluntary dismissal as to cross-defendants James E. Laeng and
12        Mary E. Kessel.
13     b. An amended notice of motion and motion for substitution of parties in
14        amended crossclaim limited to substitution of Greg L. Hoenes, the
15        representative of the Estate of Sally Hoenes.
16     c. Proof of service of its amended motion for substitution and, as appropriate and
17        necessary, statements of death on Greg L. Hoenes, the representative of the
18        Estate of Sally Hoenes, consistent with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **December 10, 2025**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] ASI requests that the Court take judicial notice of the following state court documents: (1) Creditor's Claim, filed October 1, 2024 in the Estate of Sally Jo Hoenes, Ventura Superior Court Case No. 2024PRDE029899; and (2) Petition for Probate, filed September 16, 2024 in the Estate of Sally Jo Hoenes, Ventura Superior Court Case No. 2024PRDE029899.  (Doc. 105, Exs. 1 and 2.)  The Court may take judicial notice of court documents and filings.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Accordingly, ASI's request for judicial notice (Doc. 105) is GRANTED.