**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARA BURGESS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALTERNATIVE SIERRA INVESTMENTS, LLC, et al., <br><br> Defendants. <br><br> AND RELATED CROSSCLAIMS | No. 1:23-cv-01641 JLT BAM <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING ALTERNATIVE SIERRA INVESTMENTS, LLC LEAVE TO FILE THIRD-PARTY COMPLAINT <br><br> (Docs. 98, 103) |

This action arises under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601 to 9675.  Plaintiffs, who have settled their claims, alleged that Heritage Dry Cleaners was the source of the alleged contamination of tetrachloroethylene and its breakdown chemical trichloroethylene on and under the property that remains present in the groundwater below the property and is migrating to or from the property.  The only remaining claims at issue are the respective crossclaims of Alternative Sierra Investments, LLC ("ASI") and Frederick and Judy A. Wentworth.

On August 5, 2025, ASI filed a motion for leave to file a third-party complaint against the estate of Russell L. Hoenes, M.D., Deceased, and Greg L. Hoenes, as Trustee of The Hoenes 1992 Revocable Trust under Rule 14 of the Federal Rules of Civil Procedure.[1]  (Doc. 98.)  The

---

[1] ASI also filed a motion for substitution of parties in an amended crossclaim on August 5, 2025.  (Doc. 95.)  That motion remains pending.

1   motion was referred to the assigned magistrate judge for the preparation of findings and
2   recommendations.  (Doc. 101.)
3         On November 18, 2025, the magistrate judge issued findings and recommendations that
4   recommended ASI's motion for leave to file a third-party complaint be granted.  (Doc. 103.)  The
5   magistrate judge determined that despite the untimeliness of ASI's motion, the relevant factors
6   weighed in favor of granting leave.  (*Id.* at 4-5.)
7         The Court served the findings and recommendations on the parties and notified them that
8   any objections were due within 14 days.  (*Id.* at 5.)  The Court advised the parties that "failure to
9   file objections within the specified time may result in the waiver of the 'right to challenge the
10  magistrate's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838–
11  39 (9th Cir. 2014)).  No objections have been filed, and the time to do so has expired.
12        According to 28 U.S.C. § 636 (b)(1)(c), this Court performed a de novo review of this
13  case.  Having carefully reviewed the matter, the Court concludes that the Findings and
14  Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

15      1. The Findings and Recommendations issued on November 18, 2025 (Doc. 103) are
16        **ADOPTED**.
17      2. ASI'S motion for leave to file a third-party complaint (Doc. 98) is **GRANTED**.
18      3. ASI shall file its third-party complaint **within 21 days** of the date of this order.
19        Failure to file a third-party complaint will result in this action proceeding on the
20        existing crossclaims.

21
22  IT IS SO ORDERED.
23     Dated: __**December 15, 2025**__     _/s/ Jennifer L. Thurston_
                                                  UNITED STATES DISTRICT JUDGE
24
25
26
27
28

2