UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA BURGESS, et al., | Case No. 1:23-cv-01641-JLT-FJS |
| Plaintiffs, | ORDER DENYING EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER AND VACATE TRIAL DATE |
| v. | |
| ALTERNATIVE SIERRA INVESTMENTS, LLC, et al., | (ECF No. 129) |
| Defendants. | |
| RELATED CROSSCLAIMS | |
| THIRD-PARTY ACTION | |

Cross-Defendants/Cross-Claimants Frederick A. Wentworth and Judy A. Wentworth (collectively, the "Wentworths") moved for an expedited order vacating trial and modifying the scheduling order. (ECF No. 129.) The Wentworths request that the court vacate all dates and hold a scheduling conference. (ECF No. 129 at 12.) Cross-Claimant/Cross-Defendant Alternative Sierra Investments, LLC, ("Alternative") opposes the motion citing a lack of good cause. (ECF No. 131.) On May 27, 2026, the court stayed the June 1, 2026, non-expert discovery cutoff set in the court's scheduling order for the crossclaims. (ECF No. 133.) The court held a hearing on June 5, 2026. (ECF No. 134.) Having considered the parties' papers, the filings in this lawsuit, and the oral argument presented at the hearing, the court issues the following order.

I.      PROCEDURAL BACKGROUND

A.  Early Procedural Background

The initial complaint in this matter involves claims involving environmental contamination of real property caused by former dry-cleaning operations at the site. (ECF No. 1.) Both Defendants in the underlying matter, Alternative crossclaimed against the Wentworths for cost recovery and declaratory relief under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), cost recovery under the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), as well as abatement of a public and private nuisance, negligence, fraud, ultrahazardous activity, along with other claims. (ECF No. 25). In turn, the Wentworths crossclaimed against Alternative for equitable indemnity and contribution. (ECF No. 29).

B.  Initial Scheduling Conference and Order

The Wentworths and Alternative submitted a joint status report prior to the court entering its scheduling order. (ECF No. 84.) In that report, the Wentworths discussed the status of remediation and asserted that it was only feasible to forecast the long-term operations, monitoring, and reporting costs once the project enters the operations and maintenance period. (ECF No. 84 at 3-4.) According to the Wentworths, achieving this operations and maintenance period is dependent on the California Department of Toxic Substances Control's ("DTSC") remedial investigation feasibility study. The Wentworths requested (1) that scheduling be postponed for nine months to determine what additional investigation and remediation was required and (2) that discovery be stayed until April 2026 to allow for mediation and settlement discussions. (ECF No. 84. at 3-4.) The court, however, did not delay scheduling and a scheduling order was entered pursuant to Federal Rule of Civil Procedure 16(b) regarding the cross claims. (*See* ECF Nos. 84, 87.)

C.  The Extent of the Wentworth's Discovery

Between the entering of the scheduling order on May 14, 2025, and the filing of this motion on May 15, 2026, the Wentworths did not propound any written discovery. Nor did the Wentworths serve any deposition notices, until May 15, 2026, when they served a Rule 30(b)(6)

deposition notice on Alternative. (ECF No. 131-1 ¶ 6.)

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation modified). The prejudice to parties opposing modification of the scheduling order, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification. *Id.* If the party seeking to amend the scheduling order "was not diligent, the inquiry should end," and the court should not grant the motion to modify. *Id.*

"Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018).

## III.    DISCUSSION

The Wentworths make three primary points as evidence of their diligence: (1) an assertion that Alternative's CERCLA claims are not ripe, (2) an assertion that counsel's recent firm merger caused internal shuffling and orientation of new litigation team members, and (3) an assertion that Alternative's third-party complaint will inevitably necessitate a change to the scheduling order. For the reasons discussed below, the court finds that these three points do not establish diligence.

First, an absence of ripeness should be met with a dispositive motion, not a perpetual

postponement of discovery and case management deadlines until a ripeness flaw might be cured. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571-72, n.5 ("[S]tanding is to be determined as of the commencement of the suit."); *Camsoft Data Sys. v. Southern Elecs. Supply, Inc.*, 756 F.3d 327, 337 (5th Cir. 2014) (holding that post-filing events generally cannot cure defects that existed at the time the initial complaint was filed). To be clear, the court is not opining on whether Alternative's CERCLA claim is unripe; the court is instead holding that the Wentworths cannot establish diligence in pursuing the court's May 2025 scheduling order because they believe the CERLCA claim is unripe.

Second, the firm merger here does not evince diligence in pursing the May 2025 deadlines because (1) the merger did not occur until March of 2026, (2) the Wentworths have not propounded any written discovery since the May 2025 scheduling order was issued, (3) the Wentworths have taken the only deposition they noticed prior to the filing of their instant motion, and (4) there was, in fact, continuity of some counsel before and after the merger. Again for clarity, the court is not ruling that a firm merger can never give rise to a diligence claim sufficient to revisit a Rule 16 scheduling conference order; the court merely holds that a finding of diligence here cannot be based on this merger.

Third, Alternative's third-party complaint does not illustrate the Wentworth's diligence in abiding by the May 2025 scheduling order. The Wentworths' reliance on Alternative's third-party complaint is undermined because, since the Wentworths filed their motion, Alternative filed a notice of settlement and filed dispositive papers as to Greg L. Hoenes, trustee of the Hoenes 1992 revocable trust. (ECF Nos. 132, 136.)[1] There remains a party named in Alternative's third-party complaint that has apparently not been served. It is unclear whether the third-party claims against this as-yet unserved party will proceed. *See* Fed. R. Civ. P. 4(m). Even if Alternative's third-party complaint against this unserved party proceeds, the May 2025 scheduling order was directed at the crossclaims between the Wentworths and Alternative.

---

[1] At the hearing on this motion, counsel for the Wentworths raised the possibility of a further third-party complaint his client may seek leave to file. Counsel for Alternative objected to any such third-party complaint and asked the court to foreclose it. The court has no motion on amending the pleadings before it and does not rule on the matter.

(ECF No. 87 at 2.) The existence of a third-party claim does not necessarily mean that the May 2025 scheduling order is abrogated or superseded.

Diligence is a prerequisite to an order modifying a Rule 16 scheduling order. *Johnson,* 975 F.2d at 609. Because the Wentworths do not point to evidence of diligence in support of their motion, their request is denied.

The denial of the Wentworths' motion would mean that the deadline for non-expert disclosure would have passed. In an abundance of caution upon the filing of the Wentworths' motion, however, the court stayed expiration of the June 1, 2026, fact discovery cut-off on May 27, 2026. There remains a question of how to resolve the end of non-expert discovery in a manner that does not unfairly prejudice the Wentworths. The court concludes that no unfair prejudice exists in deeming non-expert discovery closed as of the issuance of this order for the following reasons. First, the stay of the non-expert discovery cut-off did not stay discovery, the Wentworths did not propound discovery during the five days between May 27 and June 1, and the Wentworth's counsel agreed at the hearing on this motion that the Wentworths would not have propounded additional discovery during those five days had the stay of the June 1 deadline not been entered. Indeed, it is questionable whether a deposition noticed in the short window before non-expert discovery would have otherwise closed could have been available for trial. Fed. R. Civ. P. 32(a)(5)(A). And the enforceability of any written discovery that might have been propounded during that same short window could have been in tension with the scheduling order's admonition that "[a] part[y's] failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." (ECF No. 87 at 3.) Second, the window for expert discovery remains open and the Wentworths may seek information related to the preparation (or the exploration of the preparation) of affirmative expert reports, as well as information related to possible expert rebuttal opinions.

IV.     CONCLUSION AND ORDER

In sum, the court does not find good cause to modify the scheduling order or vacate trial. The court therefore ORDERS that:

1.     The Wentworths' expedited motion seeking to vacate the trial and modify the scheduling order (ECF No. 129) is DENIED; and

2.     The stay on non-expert discovery is LIFTED, and non-expert discovery is considered CLOSED as of the date of this order.

IT IS SO ORDERED.

Dated:   __**June 10, 2026**__          _____

UNITED STATES MAGISTRATE JUDGE

6